In re Susan K. FREEMAN, a/k/a Susan Kessell Freeman, a/k/a Susan Freeman Bigler, Debtor.

Emily Y. WILSON, Trustee, Plaintiff,

v.

Richard B. FREEMAN and Paul Victorius Framing Shop, Inc., Defendants.

Bankruptcy No. 683–00860–C.
Adv. No. 684–0098.

United States Bankruptcy Court,
W.D. Virginia,
Charlottesville Division.

Feb. 21, 1985.

W. Stephen Scott, Charlottesville, Va., for plaintiff.

Ross W. Krumm, Charlottesville, Va., for Debtor. Emily Y. Wilson, Trustee.

Craig T. Redinger, Charlottesville, Va., for defendants.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge:

The matter before the Court is the Complaint filed by the Chapter 13 Trustee in Bankruptcy pursuant to 11 U.S.C. § 542 against the former husband of the debtor for turnover of property of the estate.

The Court finds that this is a core proceeding and properly before it. 28 U.S.C. § 157(b)(2)(E).

## FACTS

The debtor and Richard B. Freeman were married on August 8, 1969. This marriage was dissolved by the Amended Decree of Divorce *A Vinculo Matrimonii* entered by the Circuit Court of the City of Charlottesville, Virginia, on July 8, 1983, which amended a prior divorce decree of that court entered March 9, 1983. The amended divorce decree incorporated the Separation Agreement entered into by the debtor and Mr. Freeman on March 5, 1982.

Due to financial troubles which have been elaborated on ad nauseam during proceedings in this case, the debtor filed her petition for relief under Chapter 7 of the United States Bankruptcy Code on November 8, 1983. On February 10, 1984 the debtor's Chapter 7 case was converted to a case under Chapter 13.

Prior to their separation and divorce, the debtor and Mr. Freeman owned the real estate located at 1707 Yorktown Drive, Charlottesville, Virginia. This house was their marital residence. During the course of the administration of the debtor's estate in bankruptcy prior to the conversion of her case from Chapter 7 to Chapter 13, this real estate was sold by the Chapter 7 Trustee in Bankruptcy. The proceeds of that sale were subsequently turned over to the present Chapter 13 Trustee in Bankruptcy for administration.

The debtor and Mr. Freeman operated Paul Victorius Framing Shop, Inc., a corporation the stock of which was solely owned by Mr. Freeman. In late 1978 the debtor obtained $10,000.00 from a trust fund set up by her father of which she was beneficiary for the purpose of infusing capital into the financially ailing corporation. This money was apparently loaned by the debtor to the corporate entity and to Mr. Freeman individually. In early 1979 the corporation filed for reorganization pursuant to Chapter XI of the Bankruptcy Act of 1898. *In re Victorius Framing Shop, Inc.*, Case No. 79-00071-C (Bkrtcy.W.D.Va.1979). A Plan of Arrangement was confirmed by the Court in that case on April 22, 1980. In that plan the $10,000.00 claim of the debtor arising from the aforementioned loan was allowed in full as Claim No. 47. To date, no payment has been made on account of that claim by Paul Victorius Framing Shop, Inc. Mr. Freeman remained liable on the obligation in his individual capacity.

By the terms of a loan agreement entered into with First Virginia Bank through the Small Business Administration the debtor and Mr. Freeman were required to carry insurance policies on their lives. Paragraph 13 of the Separation Agreement referred to above obligated Mr. Freeman to maintain the payments needed to keep the required policy covering the life of the debtor current in the face amount of $36,500.00 as long as the First Virginia Bank note was outstanding. Paragraph 13 of the Separation Agreement, as explained more fully by the letter dated March 5, 1982 from the debtor to Mr. Freeman (Def.

Exh. A; 12/17/84 hearing), further states that Mr. Freeman would not be held individually responsible to the debtor for repayment of the $10,000.00 loan mentioned above until such time as the First Virginia Bank note was paid off and he was, therefore, no longer required to maintain life insurance coverage on her. It was apparently the agreement of the debtor and Mr. Freeman that, upon satisfaction of the First Virginia Bank note, the cash received from surrender of the insurance policy would be used by Mr. Freeman to pay the debtor the $10,000.00.

From the testimony given before the Court at the hearing held in this matter it appears that at some point before June 29, 1983 the First Virginia Bank note was paid off. It also seems that on and around June 29, 1983 the debtor wished to sell the 1707 Yorktown Drive house in an attempt to liquidate her assets, purportedly for the purpose of satisfying the claims of various of her creditors. According to testimony, Mr. Freeman represented to the debtor at that time that the surrender value of the life insurance policy, which under the Separation Agreement was to be used to pay her the $10,000.00 owed her, would not be paid by the insurance company until a date several years in the future when the First Virginia Bank note would have been fully paid out under the original installment payment terms. Based on this representation it was agreed, by letter dated June 29, 1983 which was signed by the debtor, Mr. Freeman and a witness, that the debtor would accept the payment of $6,000.00 from Mr. Freeman's share of the proceeds from the sale of the house as payment in full on the $10,000.00 obligation. However, Mr. Freeman's representation as to when the insurance company would pay over the surrender value of the life insurance policy was incorrect and that money was soon thereafter paid to him by Massachusetts Mutual Insurance Company.

As set forth above, the 1707 Yorktown Drive house was not sold until the Chapter 7 Trustee in Bankruptcy did so. The Chapter 13 Trustee in Bankruptcy now holds the proceeds from that sale and claims that Mr. Freeman is obligated to the estate for $10,000.00 under the terms of the Separation Agreement. The Trustee requests to be allowed to set-off against this amount those proceeds due Mr. Freeman from the sale of the house which she presently holds. The total amount which the Trustee requests be actually paid over to the estate by Mr. Freeman is $7,392.46 plus interest at the legal rate on $10,000.00 beginning November 1, 1978. Mr. Freeman maintains that, if he is obligated, it is only in the amount of $6,000.00 as agreed to in the June 29, 1983 letter.

## DISCUSSION

■ Initially the Court addresses the first "Affirmative Defense" of the defendants. Since defendant Paul Victorius Framing Shop, Inc., has provided for repayment of the $10,000.00 obligation to the debtor in its Chapter XI Plan of Arrangement which has been previously confirmed by the Court, the claim of the Trustee as against that corporation is barred. The Court shall dismiss that part of the Trustee's complaint which applies to the defendant Paul Victorius Framing Shop, Inc.

■ The debtor and Mr. Freeman were joint petitioners in a Chapter XIII case filed in this Court on April 25, 1979. Mr. Freeman alleges in his Answer and Affirmative Defenses that, because the $10,000.00 obligation owed to the debtor was not listed as an asset in the Statement of Financial Affairs by Plaintiff in that prior case, the Trustee cannot now claim such obligation against him. The Court finds this argument to be without merit. In addition to the irrelevance of that previous Statement of Financial Affairs by Plaintiff to this Chapter 13 case, the Court notes that any equitable defenses arising therefrom to the assertion of the claim against Mr. Freeman would fail because he filed the 1979 case and Statement of Financial Affairs jointly with debtor and would, therefore, be estopped from asserting such defenses.

■ The crux of this adversary proceeding as against Mr. Freeman is whether or

not the June 29, 1983 agreement which he entered into with the debtor reducing his $10,000.00 obligation to $6,000.00 is valid as against the Trustee. If that agreement is enforceable Mr. Freeman is only obligated for $6,000.00. If it is not enforceable Mr. Freeman is obligated for $10,000.00.

The Court is of the opinion that the agreement of June 29, 1983 between the debtor and Mr. Freeman is unenforceable as against the Trustee in Bankruptcy for the reason that no consideration passed to the debtor sufficient to make that agreement an enforceable contract under Virginia law.

At the hearing Mr. Freeman urged that consideration for this agreement existed in his release of the rights he held under paragraph 12 of the Separation Agreement to delay the sale of the 1707 Yorktown Drive property. However, he also admitted in his testimony that he had no intention of purchasing the house himself. Since the purpose of paragraph 12 of the Separation Agreement was to allow him the opportunity to purchase the house, he suffered no detriment by agreeing to an expedited sale and, thus, gave no consideration.

As set forth above, according to the terms of the separation agreement, Mr. Freeman was to repay the $10,000.00 to the debtor from cash generated from the surrender of a life insurance policy held with Massachusetts Mutual Insurance Company. On June 29, 1983, prior to its maturity date, the First Virginia Bank note had been paid off alleviating the necessity of maintaining that policy. Mr. Freeman incorrectly represented to the debtor that the proceeds from the surrender of that policy would not be paid over by the insurance company until several years in the future. Therefore, when the debtor entered the agreement of June 29, 1983, she thought she was trading $6,000.00 "now" for $10,000.00 "later". Had this in fact been the case consideration would have existed. However, as Mr. Freeman testified in Court, this was not the case and he was thereafter paid the surrender value of the policy. The Court is of the opinion that this was a failure of consideration rendering the agreement unenforceable.

Mr. Freeman shall be required to turn over to the Trustee in Bankruptcy the amount of $10,000.00 on account of the debt presently due and owing under paragraph 13 of the Separation Agreement which he entered into with the debtor on March 5, 1982 as further explained by the letter of March 5, 1982 from the debtor to Mr. Freeman. This debt, owed to the debtor, is property of the estate. Against this amount the Trustee shall set-off those proceeds due Mr. Freeman from the sale of the real estate at 1707 Yorktown Drive which she presently holds. The net amount to be paid to the Trustee by Mr. Freeman is $7,392.46.

■ It is the opinion of the Court that the restriction on transfer of beneficial interest in the $10,000.00, which is imposed by the last sentence of paragraph 13 of the Separation Agreement as incorporated into the divorce decree, is enforceable under Virginia law and enforceable in this case. 11 U.S.C. § 541(c)(2). Therefore, this money shall not be made available to satisfy the claims against the debtor's estate in bankruptcy.

■ The Court finds no evidence in the record that the terms of the loan out of which this complaint for turnover arises contained any provision for the payment of interest. Neither does paragraph 13 of the Separation Agreement mention interest on the obligation. Therefore, the Court shall not require interest to be paid by Mr. Freeman on the amount to be turned over. However, the Court shall impose interest at the annual rate of 12% on the amount of $7,392.46 to begin accruing on March 25, 1985 if that amount has not been turned over to the Trustee prior to that date.

### CONCLUSION

Mr. Freeman shall be required to turn over to the Trustee in Bankruptcy $10,000.00 due the debtor under paragraph 13 of the Separation Agreement of March 5,

1982. Against this amount the Trustee shall be allowed to setoff those proceeds she holds which are due Mr. Freeman from the sale of the Yorktown Drive property. The net amount due from Mr. Freeman is $7,392.46.

The $10,000.00 turned over shall not be available for the satisfaction of the claims against the estate. Rather the restriction on transfer of beneficial interest in the $10,000.00 which is contained in the last sentence of paragraph 13 of the Separation Agreement is enforceable.

The appropriate order shall be entered.